ANDREW ONDERDONK v. INHABITANTS OF THE CITY OF PLAINFIELD AND TOWNSHIP OF NORTH PLAINFIELD.

1. Where, under an act of the legislature authorizing the appointment of commissioners to lay out and establish public roads and streets, said commissioners, in the execution of their duties, ordered surveys and maps to be made—*Held:*

   1. That the authority of the commissioners to incur the expense thereof is necessarily implied from the provisions of the act, which requires the surveys as indispensable in performing the work they were directed to do.

   2. Although the act contains no express provision for compensation for such services, the corporations represented by the commissioners are chargeable with the expense.

2. The leading subject of a statute should be fairly expressed in the title, but the means or instruments by which the general purpose is to be attained, or matters merely incidental to it, are not a necessary part of the title.

On rule to show cause why a new trial should not be granted. The facts fully appear in the opinion.

Argued at June Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the rule, *G. P. Suydam.*

*Contra, T. N. McCarter.*

The opinion of the court was delivered by

KNAPP, J. The verdict which is sought to be set aside, awarded the plaintiff the sum of $1359.26 for his labor and services as an engineer, in making maps and surveys for the defendants, in the course of laying out certain streets, which, by an act of the legislature of April 4th, 1873, they were empowered jointly to lay out and open.

The work for which compensation is claimed, was performed by the plaintiff, and it is not questioned that its value was truly ascertained by the finding of the jury. The defendant's liability, if it exists, is in virtue of the provisions of the above-mentioned act, entitled "An act to lay out and open streets in the township of North Plainfield, in the county of Somerset, and in the city of Plainfield, in the county of Union."

The purpose of this act was to enable the corporate authorities of the city of Plainfield and of the township of North Plainfield to lay out and establish public roads and streets running in continuous lines upon the territory of both.

These towns lay in different counties, and, by reason of the legislation respecting the laying of public roads in the city of Plainfield, which took from surveyors of highways all their authority in said city, such roads could not be laid under the provisions of the general road law.

This legislation provided for the co-operative action of the two designated governing bodies, to be executed and enforced through six commissioners, three of whom were to be

appointed by each body, whenever an application, properly signed, should be presented to them respectively.

The commissioners so appointed were required to view and report upon the proposed work, and present an assessment of the damages and benefits resulting from the laying, to each of said town authorities, and, upon the approval and acceptance by them of the report so made, the street became a lawful road.

Amongst the earlier steps to be taken by the process of laying streets, they were required to cause the proposed road to be surveyed, and maps thereof to be made and filed with the clerks of the respective towns. The work done by the plaintiff was surveying and mapping a street, and preparing assessments, upon the employment of commissioners, who had been appointed under the act to lay out the street so surveyed and mapped. In the execution of the duties of the commissioners, the surveys and maps were expressly ordered to be made, and their authority to incur the expense thereof is necessarily implied from those provisions which require the surveys as indispensable in performing the work which they were directed to do. No express provision is found for compensating for such services, but it was not in legislative contemplation that they should be gratuitously rendered; and it is only reasonable to infer that the corporations represented by the commissioners were intended to be chargeable with the expense. This imposes a joint obligation upon the two municipal bodies to pay ; consequently, the suit was properly instituted against both.

An objection is urged against the validity of the act—that its title does not express, with the requisite certainty, the object of the law, and therefore is in conflict with that provision of our constitution requiring that " every law shall embrace but one object, and that shall be expressed in its title." *Const., Art. IV.*, § 7, *pl.* 3. The ruling in *Rader* v. *Township of Union*, 10 *Vroom* 509, is relied on in support of this objection. The resolution in that case, supposed to be pertinent to this, held the purpose of creating a corporation in a

portion of a township to take exclusive control of the public roads, in the part so incorporated, was not sufficiently expressed in the title to the act, viz., "An act in relation to streets in Union township, Union county."

The design of the provision was declared to be to require in the title of an act, such specific designation of the object of the law as would give to the public, or such part of it as might be interested, notice or reasonable intimation of the matters under legislative consideration. And it was held that the title of the act then under review gave no notice or ground to infer the legislative purpose to create the corporation set up by the act. But I am persuaded that this case is not within that ruling, and that the objection here made is not rested on tenable ground. The object of the law now in question was to provide for laying highways which should run into the two designated towns, situate in different adjoining counties. This purpose is clearly indicated in the title. By reason of certain provisions in the charter of the city of Plainfield, the ordinary means for laying roads crossing county lines, to be found in the general road law, were rendered inapplicable; and no legal method existed, under our legislation as it then stood, for attaining that end. It was therefore manifest to all that the object sought could only be gained through the creation of new instrumentalities, and the expression of a purpose of enabling streets to be laid, necessarily implied the adoption of new machinery. These were merely incidental to the general object of the act. The leading subject of the statute should be fairly expressed in the title, but the means or instruments by which the general purpose is to be attained, or matters merely incidental to it, are not a necessary part of the title. *Sedg. on Stat. Const.* 520, and note.

It was further urged against this verdict that a right of action did not arise against the defendants until the money necessary to defray the expenses of laying the streets had been assessed and collected under the act. If this were so, the probability of the plaintiff being ever paid, would be very remote. The street has not been opened, no attempt

has been made to enforce the assessment, and the contention of the defendant may safely be yielded to, so far as to say that it is exceedingly doubtful whether the expenses sued for can be assessed under the act. But the plaintiff's right of suit does not depend upon that contingency. He was legally employed, under competent authority, performed his contract, and payment became a necessary sequence, unless, in the terms of the act under which he was engaged to do the work, or the contract for his services, his right to be paid was placed upon the condition of a prior collection of the money. No such condition is found in either. I think the verdict, for anything urged against it, should stand, and the rule to show cause be discharged.